**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| ANDREW HARRY DEGROOT, and TERESA DEGROOT<br><br>Plaintiffs,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>Defendant. | Case No.: 3:15-cv-02145-H-NLS<br><br>**ORDER DENYING MOTION FOR DEFAULT JUDGMENT**<br><br>[Doc. No. 38] |

On September 25, 2015, Plaintiffs Andrew Harry DeGroot and Teresa DeGroot ("Plaintiffs") filed an action in the Southern District of California against Border Patrol Agents Dustin Blatchley, Luis Gutierrez, Romel Madlangbayan, Edwin Mendivil, Enrique Penagos, Alberto Vallina, and the United States of America. (Doc. No. 1.) On February 16, 2016, Plaintiffs filed a First Amended Complaint ("FAC"), only asserting claims against Defendants Enrique Penagos and the United States of America ("Defendants"), alleging excessive force and failure to supervise under Bivens, assault and battery, intentional infliction of emotional distress, negligence, negligent infliction of emotional distress, violation of the Unruh Act, false arrest and imprisonment, and civil conspiracy. (Doc. No. 4.) On April 13, 2016, Defendants filed a motion to dismiss Plaintiffs' FAC. (Doc. No. 11.) On June 17, 2016, this Court granted Defendants' motion in part and dismissed both Bivens claims as time-barred. (Doc. No. 17.) The

Court also dismissed Plaintiffs' Unruh Act claim and civil conspiracy claims. (Id.) The Court also dismissed all claims against defendant Penagos, substituting the United States ("Defendant") in his place. (Id.) On July 20, 2016, Defendant filed an answer to Plaintiffs' FAC. (Doc. No. 18.)

On July 17, 2017, Defendant filed a motion for summary judgment. (Doc. No. 36.) On July 24, 2017, Plaintiffs filed a response in opposition to Defendant's motion for summary judgment. (Doc. No. 37.) At the same time, Plaintiffs also filed a motion for default judgment against Defendant as to the third claim for relief for assault and battery. (Doc. No. 38.) On August 1, 2017, Plaintiffs filed a motion to continue to set a later motion hearing date for their motion for default judgment. (Doc. No. 41.)

## DISCUSSION

In their FAC, Plaintiffs asserted a claim of assault and battery against Agent Penagos. (Doc. No. 4 ¶¶ 58-62.) Following Defendants' motion to dismiss, the Court substituted the United States as a defendant in place of Agent Penagos pursuant to the Federal Tort Claims Act. (Doc. No. 17 at 8:7-10.) Defendant then answered the FAC. (Doc. No. 18.) With regards to the assault and battery claim, Defendant's answer states "This claim has been dismissed with prejudice and no response is therefore required." (Doc. No. 18 ¶¶ 58-62.) Now, more than a year after Defendant filed its answer, Plaintiffs have brought a motion for default judgment, arguing that the Court should enter a default judgment in their favor with regards to the assault and battery claim because Defendant failed to answer. (Doc. No. 38.)

As a general rule, default judgments are disfavored. Eitel v. McCool, 782 F.2d 1470, 1472 (9th Cir. 1986) ("Our starting point is the general rule that default judgments are ordinarily disfavored. Cases should be decided upon their merits whenever reasonably possible."). Against this backdrop, district courts have broad discretion in deciding whether to enter a default judgment. Id. at 1471; accord TeleVideo Sys., Inc. v. Heidenthal, 826 F.2d 915, 917 (9th Cir. 1987) ("Rule 55 gives the court considerable leeway as to what it may require as a prerequisite to the entry of a default judgment."). In

exercising their discretion, courts consider various factors including: "(1) the possibility of prejudice to the plaintiff, (2) the merits of plaintiff's substantive claim, (3) the sufficiency of the complaint, (4) the sum of money at stake in the action; (4) the possibility of a dispute concerning material facts; (6) whether the default was due to excusable neglect, and (7) the strong policy underlying the Federal Rules of Civil Procedure favor decisions on the merits." Eitel, 782 F.2d at 1471-72. Because the factors do not weigh in favor of a default judgment, the Court denies Plaintiffs' motion.

Plaintiffs have not argued any prejudice arising from Defendant's mistaken belief the claim of assault and battery had been dismissed and the Court cannot discern any. The parties have continued litigating the matter and Plaintiffs admit to having been on notice regarding Defendant's erroneous belief that the assault and battery claim had been dismissed. (Doc. No. 38 at 2.) Furthermore, Defendant's belief that the assault and battery claim was dismissed was at most excusable neglect and can be easily remedied. Finally, Plaintiffs have offered no reason why the "strong policy" favoring decisions on the merits is not applicable here.

The Court also notes that, because Defendant is the United States of America, a default judgment may only be entered "if the claimant establishes a claim or right to relief by evidence that satisfies the court." Fed. R. Civ. P. 55(d). Plaintiffs' motion for default judgment makes no attempt to show they have met this requirement. (Doc. No. 38.) Indeed, the motion entirely fails to address the merits of the claim and provides no evidence whatsoever establishing their claim. This failure alone is reason to deny the motion. Fed. R. Civ. P. 55(d); see Johnson v. United States, 2013 WL 5539390, * 2 (Oct. 8, 2013 N.D. Cal.) (refusing to enter default judgment where plaintiff failed to establish a right to relief by evidence).

///
///
///
///

## **CONCLUSION**

For the foregoing reasons the Court denies Plaintiffs' motion for default judgment, (Doc. No. 38), denies their motion to set a hearing date as moot, (Doc. No. 41), and is inclined to allow Defendant to remedy their deficient answer. Defendant has until August 11, 2017 to file a motion to amend the pleadings. Plaintiffs may file any opposition to the motion no later than August 18, 2017. No reply may be filed absent further order of the Court. Furthermore, in order to resolve this matter prior to addressing Defendant's pending motion for summary judgment, (Doc. No. 36), the Court vacates the August 7, 2017 hearing and reschedules it for September 5, 2017 at 10:30am. The briefing schedule for the motion for summary judgment remains as previously ordered.

**IT IS SO ORDERED.**

DATED: August 3, 2016

Hon. Marilyn L. Huff
United States District Judge