# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANDREW HARRY DEGROOT, and TERESA DEGROOT<br><br>Plaintiffs,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>Defendant. | Case No.: 3:15-cv-02145-H-NLS<br><br>**ORDER:**<br><br>**GRANTING DEFENDANT'S MOTION TO AMEND ANSWER**<br><br>[Doc. No. 43]<br><br>**GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**<br><br>[Doc. No. 36] |

On September 25, 2015, Plaintiffs Andrew Harry DeGroot and Teresa DeGroot ("Plaintiffs") filed an action in the Southern District of California against Border Patrol Agents Dustin Blatchley, Luis Gutierrez, Romel Madlangbayan, Edwin Mendivil, Enrique Penagos, Alberto Vallina, and the United States of America. (Doc. No. 1.) On February 16, 2016, Plaintiffs filed a First Amended Complaint ("FAC"), only asserting claims against Defendants Enrique Penagos and the United States of America ("Defendants"), alleging excessive force and failure to supervise under <u>Bivens</u>, assault

and battery, intentional infliction of emotional distress, negligence, negligent infliction of emotional distress, violation of the Unruh Act, false arrest and imprisonment, and civil conspiracy. (Doc. No. 4.) On April 13, 2016, Defendants filed a motion to dismiss Plaintiffs' FAC. (Doc. No. 11.) On June 17, 2016, this Court granted Defendants' motion in part and dismissed both <u>Bivens</u> claims as time-barred. (Doc. No. 17.) The Court also dismissed Plaintiffs' Unruh Act claim and civil conspiracy claims. (<u>Id.</u>) The Court also dismissed all claims against Defendant Penagos, substituting the United States ("Defendant") in his place. (<u>Id.</u>) On July 20, 2016, Defendant filed an answer to Plaintiffs' FAC. (Doc. No. 18.) On July 17, 2017, Defendant filed a motion for summary judgment on Plaintiffs' claims. (Doc. No. 36.) Defendant argues that DeGroot's arrest was supported by probable cause, and consequently, all of Plaintiffs' causes of action should fail as a matter of law. (<u>Id.</u>) On July 24, 2017, Plaintiffs filed a response in opposition to Defendant's motion for summary judgment. (Doc. No. 37.) Along with their opposition, Plaintiffs filed a motion for default judgment, arguing that Defendant had failed to answer their claim of assault and battery. (Doc. No. 38.) On July 31, 2017, Defendant filed a reply to Plaintiffs' opposition. (Doc. No. 40.) On August 3, 2017, the Court denied Plaintiffs' motion for default judgment and allowed Defendant to file a motion to amend the pleadings. (Doc. No. 42.) On August 10, 2017, Defendant filed a motion to amend their answer. (Doc. No. 43.) Plaintiff did not oppose the motion to amend.

On September 5, 2017, the Court held a hearing to address both the motion to amend and the motion for summary judgment. (Doc. No. 44.) At the hearing, Attorney Michael Garabed appeared for the Defendant and Attorney Victor Torres appeared for the Plaintiffs. (Doc. No. 44.) At the hearing, Plaintiffs confirmed that they did not oppose the motion to amend and Defendant subsequently filed the amended answer. (Doc. No. 45.)

///

///

# BACKGROUND

On March 27, 2013, Plaintiff Andrew DeGroot ("DeGroot") was stopped at a Border Patrol checkpoint while driving a tractor-trailer. (Doc. No. 29-3 at 2.) As DeGroot drove through the inspection area, he displayed his middle finger to the agents on duty and used his cellular telephone to record a video of them. (Id. at 1.) Agent Penagos approached the vehicle and asked DeGroot to stop recording and to put the camera down. (Id. at 3.) DeGroot refused to comply and, after an altercation with Agent Penagos, was arrested. (Id. at 4, 6-8.)

On May 15. 2013, DeGroot was indicted by a grand jury for violating 18 U.S.C. 111(a)(1). (Doc. No. 26-1 at 2; ECF Doc. 1 (Indictment) in Case No. 13-cr-1769.) Four months later, DeGroot was found not guilty of this charge. (Doc. No. 26-1 at 2); U.S.A. v. DeGroot, No. 13-cr-01769-L-1 (ECF No. 62, Verdict). Plaintiffs subsequently sued the United States and various border patrol agents, alleging violations of Degroot's federal and state rights. (Doc. No. 1; Doc. No. 4.)

Plaintiffs' remaining claims include state law tort actions for false arrest and imprisonment, intentional infliction of emotional distress, assault and battery, negligence, and negligent infliction of emotional distress. (See Doc. No. 17.) Defendant moves for summary judgment on all claims. (Doc. No. 36 at 2.) Plaintiffs oppose, arguing that questions of fact remain. (Doc. No. 37.)

# DISCUSSION

## I. STANDARD FOR AMENDING THE PLEADINGS

Federal Rule of Civil Procedure 15(a)(1) generally allows parties leave to amend their pleadings as a matter of right within 21 days after service. "In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). The Ninth Circuit has instructed that this policy is "to be applied with extreme liberality." Owens v. Kaiser Found. Health Plan, Inc., 244 F.3d 708, 712 (9th Cir. 2001) (quoting Morongo Band of Mission Indians v. Rose, 893 F.2d 1074, 1079 (9th

Cir. 1990)). In applying Rule 15, courts consider various factors including "bad faith, undue delay, prejudice to the opposing party, futility of amendment," and whether there were previous amendments. Johnson v. Buckley, 356 F.3d 1067, 1077 (9th Cir. 2004).

## II. SUMMARY JUDGMENT STANDARD

Summary judgment is proper if the moving party shows there is no genuine dispute of material fact and they are entitled to judgment as a matter of law. Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). There is no genuine dispute if "the record taken as a whole could not lead a rational trier of fact to find for the non-moving party." Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986).

The moving party bears the initial burden of producing evidence showing they are entitled to summary judgment. Celotex Corp., 477 U.S. at 330. The moving party can satisfy this burden in two ways: (1) by presenting evidence that negates an essential element of the nonmoving party's case; or (2) by demonstrating that the nonmoving party failed to establish an essential element of the nonmoving party's case that the nonmoving party bears the burden of proving at trial. Id. at 323. If the moving party satisfies their initial burden, then the burden shifts to the nonmoving party to introduce evidence showing there is a genuine dispute of material fact. Id. at 331. A fact is material when, under the governing substantive law, it could affect the outcome of the case. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). To satisfy its burden, the non-moving party "may not rest upon mere allegations or denials of his pleadings." Id. Rather, the nonmoving party "must present affirmative evidence . . . from which a jury might return a verdict in his favor." Id. Facts and inferences are to be viewed in the light most favorable to the non-moving party. U.S. v. Diebold, Inc., 369 U.S. 654, 655 (1962).

## III. ANALYSIS

### A. Motion to Amend the Answer

Defendant moves to amend its answer, in order to deny Plaintiffs' allegations regarding the assault and battery claim. On June 17, 2016, the Court dismissed Plaintiffs' claims against Agent Penagos and substituted Defendant in his place. (Doc. No. 17.)

When Defendant subsequently answered Plaintiffs' complaint, it mistakenly believed that the assault and battery claim, plead only against Agent Penagos, had been dismissed. (Doc. No. 18, see also Doc. No. 43-1 at 2.) As such, Defendant did not answer the assault and battery claim but, rather, indicated that "[t]his claim has been dismissed with prejudice and no response is therefore required." (Doc. No. 18 ¶¶ 58-62.) Plaintiff did not object to this portion of the answer until more than a year later, when it moved for default judgment on the assault and battery claim. (Doc. No. 38.) Defendant now acknowledges that the assault and battery claim was not dismissed, rather Defendant was substituted in Agent Penagos' place, and seeks to answer the claim, denying all allegations. (Doc. No. 43-2 at 7-8.) Plaintiffs have not opposed the motion to amend.

Courts should "freely give leave [to amend pleadings] when justice so requires." Fed. R. Civ. P. 2. The Ninth Circuit requires this policy be applied with "extreme liberality." Owens, 244 F.3d at 712. Defendant argues there is no prejudice to Plaintiffs because their amended answer simply denies all of Plaintiffs' allegations, a position Plaintiffs' have known about since the outset of the case. (Doc. No. 43-1 at 5.) Furthermore, Defendant argues there is no prejudice because the facts necessary to prove the assault and battery claim are the same as those required for Plaintiffs' other claims. (Id.) Defendant argues there will be no undue delay because it will not requires additional discovery or alter the pretrial schedule. (Id. at 6.) Defendant similarly argues the amendment is not futile and there has been no showing of bad faith. (Id. at 6-7.)

The Court agrees with Defendant that the factors weigh in favor of granting leave to amend. Plaintiffs were on notice that Defendant denied that factual allegations underlying the assault and battery claim. Furthermore, because the facts underlying the assault and battery claim are the same as those underlying the § 1983 Excessive Force claims, there is no need to conduct additional discovery. Lastly, Plaintiffs stated at the hearing that they did not oppose the motion to amend. As such, the Court grants Defendant's motion to amend. (Doc. No. 43.)

///

## B. Motion for Summary Judgment

### 1. False Arrest and Imprisonment Claim

To prove a claim of false arrest and imprisonment, Plaintiffs must show an arrest without a warrant and without justification, followed by imprisonment and damages. Dragna v. White, 45 Cal.2d 469, 471 (1955); accord Wagda v. Town of Danville, 2017 WL 2311294, *7 (N.D. Cal. May 26, 2017). Probable cause is a complete defense to a false arrest and imprisonment claim. Cabrera v. City of Huntington Park, 159 F.3d 374, 380 (9th Cir. 1998) ("To prevail on his § 1983 claim for false arrest and imprisonment, Cabrera would have to demonstrate there was no probable cause to arrest him."). Defendant has met its burden under Celotex of presenting evidence that Agent Penagos had probable cause to arrest Plaintiff Andrew DeGroot. 477 U.S. at 323. As such, the burden shifts to Plaintiffs to produce affirmative evidence showing a genuine dispute of material fact remains. Id. at 331. Plaintiffs have not satisfied their burden.

"Probable cause exists when, under the totality of the circumstances known to the arresting officers (or within the knowledge of the other officers at the scene), a prudent person would believe the suspect had committed a crime." Dubner v. City and County of San Francisco, 266 F.3d 959, 966 (9th Cir. 2001) (citing U.S. v. Garza, 980 F.2d 546, 550 (9th Cir. 1992)). "Law enforcement officers may draw upon their experience and expertise in determining the existence of probable cause." Garza, 980 F.2d at 550. Whether probable cause existed is generally a mixed question of fact and law. Ornelas v. U.S., 517 U.S. 690, 701 (1996). But when the facts are undisputed, whether an officer had probable cause to effect an arrest is a pure question of law. Tsao v. Desert Palace, Inc., 698 F.3d 1128, 1146 (9th Cir. 2012) ("The facts are undisputed, so the existence of probable cause is a question of law."); accord Levin v. United Airlines, 158 Cal.App.4th 1002, 1018 (2008) ("If the facts that gave rise to the arrest are undisputed, the issue of probable cause is a question of law for the trial court.").

Here, Plaintiff Andrew DeGroot was arrested following an altercation with Agent Penagos and charged with a violation of 18 U.S.C. § 111(a)(1). See U.S.A. v. DeGroot,

No. 13-cr-01769-L-1 (ECF No. 1, Indictment). Section 111(a)(1) imposes criminal penalties on anyone who "forcibly assaults, resists, opposes, impedes, intimidates, or interferes with" federal employees engaged in official duties. 18 U.S.C. § 111(a)(1). In enacting § 111, Congress intended to "accord[] maximum protection to federal officers by making prosecution for assaults upon them cognizable in the federal courts." U.S. v. Feola, 420 U.S. 671, 685 (1975). As such, § 111(a) requires only general intent, United States v. Lamott, 831 F.3d 1153, 1156 (9th Cir. 2016), and "a defendant may be convicted of violating section 111 if he or she uses *any force whatsoever* against a federal officer," U.S. v. Dominguez-Maroyoqui, 748 F.3d 918, 921 (9th Cir. 2014) (emphasis in original).

Plaintiffs admit that DeGroot used force to resist Agent Penagos. In his deposition, DeGroot stated the following:

> Q: What happened immediately after he touched the phone?
> A: He put this – I was holding the phone like this (indicating), and he tried to block it. I pulled back. He followed my hand (indicating) and grabbed it.
> Q: What happened after that?
> A: He started pulling. And I – and I pulled back and I yanked it out of his hand.
> Q: So he attempted to grab the phone and you resisted? You pulled the phone away, right?
> A: Yes.

(Doc. No. 29-3 at 5.) Thus, it was reasonable for Agent Penagos to believe that DeGroot had forcibly resisted, opposed, or impeded him—thereby justifying the arrest. Furthermore, probable cause is supported by the fact that a grand jury indicted DeGroot. DeGroot, No. 13-cr-01769-L-1 (ECF No. 1, Indictment); Awabdy v. City of Adelanto, 368 F.3d 1062, 1067 (9th Cir. 2004) (grand jury indictment is *prima facie* evidence of probable cause).

As the undisputed facts establish that DeGroot used force to resist, oppose, or

impede Agent Penagos, DeGroot's arrest was supported by probable cause. As such, Plaintiffs' false arrest and imprisonment claim fails as a matter of law. Cabrera, 159 F.3d at 380. Thus, the Court grants summary judgment to Defendant on the false arrest and imprisonment claim.

### 2. Negligence Claims

To prove a claim of negligence, Plaintiffs must show duty on the part of Defendant, breach of that duty, causation, and damages. Marlene F. v. Affiliated Psychiatric Med. Clinic, Inc., 48 Cal.3d 583, 588 (1989). Like the false arrest claim, probable cause is a defense to Plaintiffs' negligence claims.[1] Bulfer v. Dobbins, 2011 WL 530039, *13 (S.D. Cal. Feb. 7, 2001) ("If probable cause supported an arrest, a negligence claim based on that arrest fails as a matter of law."). Because the undisputed facts establish probable cause, a conclusion that is supported by the grand jury indictment, the Court grants summary judgment to Defendant on Plaintiffs' claims of negligence and negligent infliction of emotional distress.

### 3. Intentional Infliction of Emotional Distress

Where the non-moving party bears the burden of persuasion at trial, the moving party may satisfy its initial burden under Celotex by demonstrating "the nonmoving party's evidence is insufficient to establish an essential element of the nonmoving party's claim." Celotex Corp., 477 U.S. at 331. Once the moving party satisfies their initial burden, the nonmoving party must come forward with sufficient evidence to establish any elements they must prove at trial. Id. at 322.

To survive summary judgment on their intentional infliction of emotional distress claim, Plaintiffs must put forward evidence sufficient for a jury to find 1) extreme and outrageous conduct by Defendant with the intention of causing, or reckless disregard of

---

[1] In California, there is no separate tort of negligent infliction of emotional distress. Burgess v. Superior Court, 2 Cal.4th 1064, 1072 (1992) ("[t]he negligent causing of emotional distress is not an independent tort, but the tort of negligence"); accord Everett Assocs., Inc. v. Transcontinental Ins. Co., 159 F.Supp.2d 1196, 1204 (N.D. Cal. 2001) ("Negligent infliction of emotional distress, although often plead as a separate cause of action, is a subcategory of the tort of negligence.").

the probability of causing, emotional distress; 2) that Plaintiffs suffered severe or extreme emotional distress; and 3) Defendant's outrageous conduct was the actual and proximate causation of the emotional distress. Corales v. Bennett, 567 F.3d 554, 571 (9th Cir. 2009). Plaintiffs have not satisfied this burden.

For example, Plaintiffs have put forward no evidence showing extreme and outrageous conduct by Defendant or its agents. Extreme and outrageous conduct is "conduct so extreme as to exceed all bounds of that usually tolerated in a civilized community". Chang v. Lederman, 172 Cal.App.4th 67, 86 (2009). Here, the only evidence Plaintiffs have submitted consists of selections of DeGroot's deposition. (Doc. No. 29-3.) Viewed in the light most favorable to Plaintiffs, DeGroot's testimony only establishes that Agent Penagos stopped DeGroot at a checkpoint, (id. at 2, ln. 3-10), requested that DeGroot put his camera away, (id. at 3, ln. 7-9), attempted to confiscate the phone after DeGroot refused to comply, (id. at 4, ln. 1-3), and then arrested DeGroot following a struggle, (id. at 6, ln. 9-21). Plaintiffs claim that, in the process of being arrested, someone jumped on DeGroot's back and drove him to the pavement, (id. at 7, ln. 19-21), but offer no evidence this force was unreasonable or exceeded the amount incumbent for an arrest. See Graham v. Connor, 490 U.S. 386, 396 ("the right to make an arrest . . . carries with it the right to use some degree of physical coercion"); see also S.B. v. County of San Diego, -- F.3d --, 2017 WL 1959984, *4 (9th Cir. May 12, 2017) ("We must judge the reasonableness of a particular use of force from the perspective of a reasonable officer on the scene, rather than with 20/20 vision of hindsight.") (internal quotation marks omitted). This evidence does not supports a finding of extreme and outrageous conduct. See also McFarland v. City of Clovis, 2017 WL 1348934, *17 (E.D. Cal. April 10, 2017) ("An arrest that is supported by probable cause is not a 'false arrest' and is not extreme and outrageous.").

Plaintiffs have also failed to put forward facts showing that DeGroot suffered severe or extreme emotional distress arising from Defendant's conduct. "Severe emotional distress means emotional distress of such substantial quality or enduring

quality that no reasonable person in civilized society should be expected to endure it." <u>Kiseskey v. Carpenters' Trust for So. California</u>, 144 Cal.App.3d 222, 231 (1983); <u>accord</u> <u>Steel v. City of San Diego</u>, 726 F.Supp.2d 1172, 1192 (S.D. Cal. 2010). Plaintiffs have offered no evidence of any emotional distress, let alone distress of a substantial or enduring quality. Consequently, summary judgment is granted for Defendant on the intentional infliction of emotional distress claim.

          4. Assault and Battery

Plaintiffs have also failed to satisfy their burden as to the assault and battery claim. To prove a case of assault and battery arising from a lawful arrest by a law enforcement officer, Plaintiffs must show that unreasonable force was used and an injury occurred. <u>Edson v. City of Anaheim</u>, 63 Cal.App.4th, 1269, 1273 (1998); <u>see also</u> <u>Galindo v. City of San Mateo</u>, 2016 WL 7116927 *7 (N.D. Cal. 2016). Here, DeGroot testified that, during his arrest, someone jumped on his back and drove him to the ground. (Doc. No. 29-3 at 7.) However, the record contains no facts to suggest this went beyond the amount of force typically employed during an arrest or that it was excessive. <u>C.f.</u> <u>Blankenhorn v. City of Orange</u>, 485 F.3d 463, 478 (9th Cir. 2007) (holding a jury could find excessive force where officers gang tackled plaintiff, punched him multiple times, pushed his face into the pavement by shoving a knee into the back of his neck and placing him in hobble restraints); <u>Bushell-McIntyre v. City of San Jose</u>, 252 Fed.Appx. 810, 812 (9th Cir. 2007) (holding a jury could find excessive force where an officer "applied a pain compliance control hold to [plaintiff], shoved her outside and slammed her against a car"). Furthermore, Plaintiffs have not offered evidence of any injury stemming from the alleged assault and battery. (<u>See</u> Doc. No. 29-3.) Plaintiffs have, thus, failed to come forward with evidence to establish this claim. <u>Celotex Corp.</u>, 477 U.S. at 322. Consequently, summary judgment is granted for Defendant on Plaintiffs' assault and battery claim.

///

///

## **CONCLUSION**

For the foregoing reasons, the Court grants Defendant's motion for summary judgment as to all claims. (Doc. No. 36.)

**IT IS SO ORDERED.**

DATED: September 5, 2017

_____
Hon. Marilyn L. Huff
United States District Judge